UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SCP DISTRIBUTORS LLC, a
Delaware limited liability company

    Plaintiff,                                      Case No.:

v.

FLORIDIAN POOLS, INC., a Florida
Profit Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, SCP DISTRIBUTORS LLC, ("Plaintiff"), by and through undersigned counsel, files this Complaint against FLORIDIAN POOLS, INC., ("Floridian" or "Borrower"), and in support states as follows:

### Introduction

1. This matter involves Floridian's failure to pay Plaintiff for pool supplies and goods Floridian received and retained.

2. More specifically, Floridian's actions have resulted in a loss to Plaintiff in excess of $75,000.00, including an outstanding principal amount of $264,145.00, and $39,988.85 in interest as of December 4, 2024, as well as attorneys' fees and costs.

### Parties

3. Plaintiff is a limited liability company organized under the laws of Delaware with a principal place of business located at 109 Northpark Blvd Covington, Louisiana 70433.

4. Plaintiff is a citizen of Delaware and Louisiana because Pool Corporation ("Pool Corp.") is the sole member and 100% owner of Plaintiff, and Pool Corp. is a corporation organized

under the laws of Delaware, with a principal place of business located at 109 Northpark Blvd Covington, Louisiana 70433.

5. Floridian is a Florida for profit corporation with its principal place of business located at 440 Tall Pines Rd, Suite A, West Palm Beach, Florida 33413.

6. Plaintiff is diverse from Floridian.

## Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Floridian, and the amount in controversy in this action exceeds $75,000.00.

8. Venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District. More specifically, Floridian maintains its business in and around West Palm Beach, Florida.

## General Allegations

9. On or about April 5, 2023, Floridian entered into a Credit/Business Application and Agreement (the "Agreement") for the purchase of certain pool supplies and/or equipment. A true and correct copy of the Agreement dated April 5, 2023, is attached and incorporated herein by reference as **Exhibit A**.

10. In order to secure the payment of all sums due under the Agreement, as well as all other debts and obligations at any time owed by Floridian to Plaintiff, Floridian granted Plaintiff a "continuing security interest in all of Buyer's rights, title and interest in all inventory, equipment, accounts, assets, accounts receivable and/or depository accounts, as well as all product, equipment, inventory and other merchandise purchased by Buyer from Seller, whether any of the foregoing is

now owned or hereafter acquired, all records of any kind relating to the any of the foregoing, and the products, proceeds and insurance proceeds thereof" (collectively, the "Collateral"). *See* **Exhibit A** at p. 2.

11. Pursuant to the Agreement, Plaintiff sold and delivered certain goods to Floridian for various projects.

12. Beginning with invoices that were due for payment on December 31, 2023, and continuing thereafter, Floridian failed to pay to Plaintiff the full amounts for the goods as required under the Agreement.[1]

13. On or around December 4, 2024, Plaintiff sent Floridian a Demand for Payment, noting the amounts due and owing under the Agreement and Guaranty. A true and correct copy of the Demand for Payment is attached hereto and incorporated herein as **Exhibit B**.

14. Despite the Demand for Payment, Floridian has failed to pay all amounts due and owing to Plaintiff.

15. As of December 4, 2024, there is an outstanding balance due and owing to Plaintiff of $304,133.85, which does not include future interest that continues to accrue, as well as attorneys' fees and costs.

16. Plaintiff has retained the undersigned law firm to represent it in this matter and is obligated to pay the undersigned counsel reasonable attorneys' fees for its services.

17. The Agreement provides that the buyer agrees to pay the seller all costs and expenses of collections, including actual costs of a third-party collector/collection agency, and suit

---

[1] Notably, Floridian filed for bankruptcy on or about January 28, 2024; however, Floridian's bankruptcy case was dismissed pursuant to an Order Dismissing Case entered by the U.S. Bankruptcy Court on June 10, 2024.

or other legal action, including actual attorneys' fees or collection agency fees. *See* **Exhibit A**, p. 2.

18. Thus, Floridian agreed that in the event an action is brought by Plaintiff to enforce the obligations of the Agreement, Floridian would pay Plaintiff costs of collection, including actual attorneys' fees. *See* **Exhibit A**, p. 2.

19. All conditions precedent to this action have been performed or waived.

## COUNT I - BREACH OF CONTRACT
### (Against Floridian)

20. Plaintiff sues Floridian for breach of contract in an amount that exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

21. Plaintiff repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth herein.

22. Floridian entered into the Agreement with Plaintiff for the purchase of certain goods and materials.

23. Plaintiff provided the goods as required by the Agreement and otherwise abided by the terms of the Agreement.

24. Floridian breached the Agreement by, *inter alia*, failing to pay Plaintiff the full amounts for the goods as required under the Agreement.

25. As of December 4, 2024, Floridian owes the sum of $304,133.85, including $264,145.00 in principal and $39,988.85 in interest, to Plaintiff pursuant to the Agreement between the parties, exclusive of default interest and attorneys' fees and costs.

26. Demand has been made on Floridian to remit the balance due under the Agreement to Plaintiff, but Floridian has failed and/or refused to remit the balance due.

27. As a result of the breach by Floridian, Plaintiff has been damaged in the aggregate amount of $304,133.85, with additional damages to be proven based upon the facts alleged herein, including but not limited to default interest, which continues to accrue, costs, and attorneys' fees.

**WHEREFORE**, Plaintiff requests this Court enter judgment in its favor and against Floridian as follows:

i. For damages in favor of Plaintiff and against Floridian in the amount of $304,133.85, plus continuing default interest, attorneys' fees and costs, and other damages as allowed in all pertinent agreements and laws; and

ii. Any further legal and equitable relief this Court deems just and proper.

### COUNT II – RECOVERY OF SECURED COLLATERAL
### (IN THE ALTERNATIVE)
### (Against Floridian)

28. Plaintiff repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth herein.

29. Pursuant to the terms of the Agreement, Plaintiff has a valid security interest in the collateral (the "Collateral") defined as:

> all inventory, equipment, accounts, assets, accounts receivable and/or depository accounts, as well as all product, equipment, inventory and other merchandise purchased by Buyer from Seller, whether any of the foregoing is now owned or hereafter acquired, all records of any kind relating to the any of the foregoing, and the products, proceeds and insurance proceeds thereof.

*See* **Exhibit A** at p. 2.

30. Floridian has failed to protect and hold the Collateral for the benefit of Plaintiff.

31. Floridian has failed to surrender the Collateral to Plaintiff.

32. Pursuant to Fla. Stat. §679.609, Plaintiff is entitled to possession of the Collateral.

33. By reason of the foregoing, Plaintiff seeks an order to recover and take possession of the Collateral.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for possession of the Collateral against Floridian, together with interest, costs, attorneys' fees pursuant to the Agreement, and any other relief the Court deems just and proper.

### COUNT III – UNJUST ENRICHMENT
### (IN THE ALTERNATIVE)
### (Against Floridian)

34. Plaintiff repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth herein.

35. Plaintiff conferred a benefit on Floridian by delivering certain goods to Floridian pursuant to the Agreement, under circumstances which negate the idea that the goods were gratuitous.

36. Floridian failed to provide Plaintiff with the full payment that was agreed to by the parties in exchange for Plaintiff's delivery of the goods.

37. Floridian's failure to pay Plaintiff constitutes voluntary acceptance and retention of benefits conferred upon it.

38. It would be inequitable to allow Floridian to accept and retain the goods provided by Plaintiff without paying the value thereof to Plaintiff.

39. As a result, Floridian has been unjustly enriched at Plaintiff's expense and detriment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages in favor of Plaintiff and against Floridian in the amount of $304,133.85, for possession of the

Collateral against Floridian, together with interest, costs, attorneys' fees pursuant to the Agreement, and any other relief the Court deems just and proper.

DATED:  January 3, 2025

        Respectfully submitted,

        **ADAMS AND REESE LLP**

By:    */s/ Angela N. Grewal*
     Angela N. Grewal
     Florida Bar No. 105429
     Joshua M. Gostel
     Florida Bar No. 1010506
     Angela.Grewal@arlaw.com
     Josh.Gostel@arlaw.com
     jessica.bowers@arlaw.com
     501 Riverside Avenue, Suite 601
     Jacksonville, FL  32202
     Telephone:  (904) 355-1700
     Facsimile:   (904) 355-1797
     *Attorneys for Plaintiff, SCP Distributors, LLC*